UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

JOSHUA LUIS RODRIGUEZ and JOEL ASTACIO   :
FERNANDEZ,

                                           :   Civil No.:

                         Plaintiffs,

                                           :

           -against-

                                           :   **NOTICE OF REMOVAL**

RANDY MARTINEZ-ANTIGUA, and DDDE   :   **TRIAL BY JURY**
TRUCKING, LLC,                                   **DEMANDED**

                                         :

                         Defendants.   :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

TO:   **THE JUDGES OF THE UNITED STATES DISTRICT COURT**
       **FOR THE EASTERN DISTRICT OF NEW YORK**

       PLEASE TAKE NOTICE, that defendants RANDY MARTINEZ-ANTIGUA and DDDE

TRUCKING, LLC, by and through their attorneys Donohue Law Firm PC, hereby remove this

action, pursuant to 28 U.S.C. Sec. 1332(a), 1441 and 1446 to the United States District Court for

the Eastern District of New York.  In support of this Notice of Removal, RANDY MARTINEZ-

ANTIGUA and DDDE TRUCKING, LLC state the following:

       1.      On December 5, 2021, plaintiffs commenced an action in the Supreme Court of the

State of New York, Kings County, captioned <u>JOSHUA LUIS RODRIGUEZ and JOEL ASTACIO</u>

<u>FERNANDEZ v. RANDY MARTINEZ-ANTIGUA, and DDDE TRUCKING, LLC</u>, Index No.

531023/2021. A true and correct copy of the Summons and Complaint is attached as **Exhibit 1.**

       2.      The Summons and Complaint asserts claims against RANDY MARTINEZ-

ANTIGUA and DDDE TRUCKING, LLC for alleged negligence with regard to a motor vehicle

accident on June 1, 2021, on Metropolitan Avenue at or near its intersection with Marcy Avenue in Brooklyn, Kings County, New York.

3.      On December 22, 2021, RANDY MARTINEZ-ANTIGUA, and DDDE TRUCKING, LLC filed an Answer to the Complaint, a true and correct copy of which is attached as **Exhibit 2**.

4.      This Notice of Removal is being filed in the United States District Court for the Eastern District of New York, the district in which the case is pending.

5.      This Notice of Removal is being filed within thirty days of defendant's receipt of plaintiffs' Complaint which demands judgment in the amount of Ten Million ($10,000,000) Dollars (**Exhibit 1**) as required by 28 U.S.C. 1446 (b) (3).

6.      This Court has original jurisdiction over this action under 28 U.S.C. 1332 (a) (1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

7.      The Complaint alleges that plaintiff's place of residence was at all relevant times Kings County, New York, thereby making her citizen of the State of New York for diversity purposes. *See, Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. Hdfc v. Dish Network, L.L.C.*, No. 15 Civ.1094, 2016 WL 1060328, at * 7 (S.D.N.Y.Mar. 15, 2016) (""[A]n individual's residence at the time a lawsuit is commenced provides prima facie evidence of his domicile'- which in turn determines citizenship." (quoting *Willis v. Westin Hotel Co*., 651 F. Supp. 598, 601 (S.D.N.Y. 1986))).

8.      Plaintiff JOSHUA LUIS RODRIGUEZ was and is a resident of Kings County, New York, residing at 146 Kingsland Avenue, Brooklyn, New York, 11222.

9.      Plaintiff JOEL ASTACIO FERNANZEZ was and is a resident of Kings County, New York, residing at 1933 Greene Avenue, Brooklyn, New York, 11222.

10.     The defendant RANDY MARTINEZ-ANTIGUA was and is a resident of New Jersey, residing at 291 Griffiths Street, Jersey City, New Jersey 07307.

11.     The defendant  DDDE TRUCKING, LLC was and is a corporation incorporated and with its principal place of business located at 34 Chapin Road, Pine Brook, New Jersey  07058.

12.     Plaintiffs are New York citizens and defendants are residents of New Jersey and, as a result, the parties are completely diverse pursuant to 28 U.S.C. 1332 (a).

## AMOUNT IN CONTROVERSY

13.     Diversity jurisdiction under 28 U.S.C. 1332 also requires that the amount in controversy exclusive of interest and costs, be in excess of $75,000.

14.     The Complaint alleges Ten Million Dollars ($10,000,000.00) in damages. **Exhibit 1.**

15.     Complete diversity exists between plaintiffs, citizens of New York, and RANDY MARTINEZ-ANTIGUA and DDDE TRUCKING, LLC, citizens of New Jersey, and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. 1332 (a).

16.     RANDY MARTINEZ-ANTIGUA and DDDE TRUCKING, LLC will provide plaintiffs with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. 1446 (d) and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings, where the Complaint was originally filed.

**WHEREFORE**, RANDY MARTINEZ-ANTIGUA and DDDE TRUCKING, LLC request that this action be removed from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York.

Dated: December 28, 2021

BY: _s/ Robert D. Donohue_
ROBERT D. DONOHUE
DONOHUE LAW FIRM, P.C.
Attorneys for Defendants NAYLETS TRUCKING CORP and FREDY RONNY QUITUIZACA MARTINEZ
745 5TH AVENUE, 5TH FLOOR
New York, NY  10151
(212) 972-5252

TO:    Deborah J. Epstein, Esq.
       Epstein Law, PLLC
       150 Broadhollow Road, Suite 218
       Melville, NY 11747
       (516) 447-6688
       Esllp@icloud.com

# EXHIBIT 1



# EPSTEIN LAW PLLC
### ATTORNEYS AT LAW

☎ (516) 447-6688
🖷 (516) 284-4268
📞 (917) 705-0851

CAIP CLAIMS

DEC 1 4 2021

21-9144279

December 8, 2021

**VIA REGULAR MAIL AND FACSIMILE**
**NATIONAL CONTINENTAL INSURANCE CO.**
**Attn.: BI-Claims Dept.**
6300 Wilson Mills Rd
Cleveland, OH, 44143-2109

|            |   |                           |
|------------|---|---------------------------|
| Re         | : | Letter of Representation  |
| Claimants: |   | Joel Fernandez and        |
|            |   | Joshua Rodriguez          |
| Insured    | : | DDDE Trucking Corp.       |
| DOL        | : | June 1, 2021              |
| Policy No: |   | CNJ 000-5077-134-0        |
| Claim      | : |                           |

Dear Sir or Madam:

Please be advised this office was retained to represent the interests of claimants, **JOEL FERNANDEZ** and **JOSHUA L. RODRIGUEZ**, in connection with the motor vehicle collision of June 1, 2021

Enclosed herewith please find a courtesy copy of the Summons and Verified Complaint.

As always, should you have questions concerning any of the foregoing, please do not hesitate to contact the undersigned via direct dial at (516) 447-6688 or via e-mail at esllp@icloud.com.

Very truly yours,

EPSTEIN LAW PLLC

*Deborah J. Epstein*

DEBORAH J. EPSTEIN, ESQ.

DJE/
Encl.

🌐 www.epsteinlawpllc.com          📍 150 Broadhollow Road, Suite 218

 depstein@epsteinlawpllc.com          Melville, New York 11747-4901

Case 1:21-cv-07142-WFK-RER   Document 1   Filed 12/28/21   Page 7 of 41 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
JOSHUA LUIS RODRIGUEZ and
JOEL ASTACIO FERNANDEZ,

                                        Plaintiffs,

                -against-

RANDY MARTINEZ-ANTIGUA,
and DDDE TRUCKING, LLC,

                                        Defendants,
-------------------------------------------------------------X

Index No.:
Date Purchased: 12/6/2021

**SUMMONS**

Plaintiff designates **KINGS**
County as the Place of Trial

The basis of the venue
is: CPLR §503(a)

Plaintiff resides at:
146 Kingsland Avenue
Brooklyn, New York 11222
County of **KINGS**

## TO THE ABOVE-NAMED DEFENDANTS:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: December 5, 2021
        Melville, New York

                                        EPSTEIN LAW PLLC
                                        *Attorneys for Plaintiffs*

                        BY:     *Deborah J. Epstein*
                                        _____
                                        DEBORAH J. EPSTEIN, ESQ.
                                        150 Broadhollow Rd., Ste. 218
                                        Melville, New York 11747
                                        T. (516) 447-6688
                                        F. (516) 446-6689
                                        E. esllp@icloud.com

**PLEASE PROVIDE TO YOUR LIABILITY INSURANCE CARRIER**

**-EPSTEIN LAW PLLC-**
ATTORNEYS AT LAW

FILED: KINGS COUNTY CLERK 12/05/2021 10:04 PM INDEX NO. 531023/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 12/05/2021

## R I D E R:

**RANDY MARTINEZ-ANTIGUA**
291 Griffith Street
Jersey City, New Jersey 07307

**DDDE TRUCKING, LLC**
28 Graham Street
Jersey City, New Jersey 07307

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

JOSHUA LUIS RODRIGUEZ and
JOEL ASTACIO FERNANDEZ,

Plaintiffs,

-against-

RANDY MARTINEZ-ANTIGUA,
and DDDE TRUCKING, LLC,

Defendants,

-----------------------------------------------------------------X

Index No.:

**VERIFIED**
**COMPLAINT**

Plaintiffs, **JOSHUA LUIS RODRIGUEZ** and **JOEL ASTACIO FERNANDEZ**, as and

for their Verified Complaint, by their attorneys, EPSTEIN LAW PLLC, do respectfully show to the

Court and allege as follows:

    1.    At all times herein mentioned, plaintiff, **JOSHUA LUIS RODRIGUEZ**, was, and

still is a resident of the County of Kings, State of New York, and resides at 146 Kingsland Avenue,

Brooklyn, New York 11222.

    2.    At all times herein mentioned, plaintiff, **JOEL ASTACIO FERNANDEZ**, was,

and still is a resident of the County of Kings, State of New York, and resides at 1933 Greene

Avenue, Brooklyn, New York 11222.

    3.    Upon information and belief, at all times hereinafter mentioned, defendant,

**RANDY MARTINEZ-ANTIGUA**, was and still is a resident of County of Hudson, State of New

Jersey, and resides at 291 Griffiths Street, Jersey City, New Jersey 07307

    4.    Upon information and belief, at all times hereinafter mentioned, defendant, **DDDE**

**TRUCKING LLC,** hereinafter referred to as ("**DDDE TRUCKING**"), was and still is a domestic

corporation, duly organized and existing under and by virtue of the laws of the State of New York.

    5.    That at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was a

domestic corporation with the principal place of business located in the State of New York.

    6.    That at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was a

foreign corporation authorized to do business in the State of New York.

Case 1:21-cv-07142-WFK-RER Document 1-1 Filed 12/28/21 Page 10 of 41 PageID #: 10

7. That at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was a foreign corporation and conducted business in the State of New York.

8. That at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was a foreign corporation and solicited business in the State of New York.

9. That at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was a foreign corporation and transacted business in the State of New York.

10. That at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was a foreign corporation and engaged in a persistent course of conduct in the State of New York.

11. That at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was a foreign corporation and derived substantial revenue from goods used or consumed or services rendered in the State of New York.

12. That at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was a resident of Kings County and filed an application for authority with the New York State Department of State pursuant to Limited Liability Company Law §§102(s) and 802(a)(3).

13. Upon information and belief, at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was the registered owner of a 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56.

14. Upon information and belief, at all times hereinafter mentioned, defendant, **DDDE TRUCKING**, was the title owner of a 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56.

15. Upon information and belief, at all times hereinafter mentioned, defendant, **RANDY MARTINEZ-ANTIGUA**, was the registered owner of the said 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56.

16. Upon information and belief, at all times hereinafter mentioned, defendant, **RANDY MARTINEZ-ANTIGUA**, was the operator of the said 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56.

-EPSTEIN LAW PLLC-
ATTORNEYS AT LAW

Case 1:21-cv-07142-WFK-RER Document 55762021 11604 PM/21 Page 11 of 41 PageID #: 11

17. Upon information and belief, at all times hereinafter mentioned, defendant, **RANDY MARTINEZ-ANTIGUA**, managed the said 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56.

18. Upon information and belief, at all times hereinafter mentioned, defendant, **RANDY MARTINEZ-ANTIGUA**, maintained the said 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56.

19. Upon information and belief, at all times hereinafter mentioned, defendant, **RANDY MARTINEZ-ANTIGUA**, controlled the said of a 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56.

20. Upon information and belief, at all times hereinafter mentioned, defendant, **RANDY MARTINEZ-ANTIGUA**, operated, managed, managed, maintained, and controlled the said of a 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56, with the knowledge of the defendant, **DDDE TRUCKING**.

21. Upon information and belief, at all times hereinafter mentioned, defendant, **RANDY MARTINEZ-ANTIGUA**, operated, managed, managed, maintained, and controlled the said 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56, with the permission of the defendant **DDDE TRUCKING**.

22. Upon information and belief, at all times hereinafter mentioned, defendant, **RANDY MARTINEZ-ANTIGUA**, operated, managed, managed, maintained, and controlled the said of a 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56, with the consent of the defendant **DDDE TRUCKING**.

23. Upon information and belief, at all times hereinafter mentioned, defendant, **RANDY MARTINEZ-ANTIGUA,** operated, managed, managed, maintained, and controlled the said of a 2009 International Box Truck, bearing a New Jersey State registration/license number XDLP56, in the course of and in the furtherance of his employment with defendant **DDDE TRUCKING.**

24.    At all times hereinafter mentioned, plaintiff, **JOSHUA LUIS RODRIGUEZ**, was a rear-compartment occupant of a 2017 Hino Box Truck, bearing a New York State registration/license number 11572MK.

25.    At all times hereinafter mentioned, plaintiff, **JOEL ASTACIO FERNANDEZ**, was a rear-compartment occupant of a 2017 Hino Box Truck, bearing a New York State registration/license number 11572MK.

26.    At all times hereinafter mentioned, to wit, June 1, 2021, at approximately 4:45 p.m., the location(s) of Metropolitan Avenue, at or near its intersection with/ten (10) feet west of Marcy Avenue, were, and still are, public and well traveled roadways and/or thoroughfares within the County of Kings, State of New York.

27.    That on June 1, 2021, at approximately 4:45 p.m., defendant, **RANDY MARTINEZ-ANTIGUA,** was operating the said motor vehicle, at the aforementioned location.

28.    That on June 1, 2021, at approximately 4:45 p.m., plaintiff, **JOSHUA LUIS RODRIGUEZ**, was a rear-compartment occupant of the aforementioned motor vehicle, at the aforementioned location.

29.    That on June 1, 2021, at approximately 4:45 p.m., plaintiff, **JOEL ASTACIO FERNANDEZ**, was a rear-compartment occupant of the aforementioned motor vehicle, at the aforementioned location.

30.    That on June 1, 2021, at approximately 4:45 p.m., plaintiffs, **JOSHUA LUIS RODRIGUEZ** and **JOEL ASTACIO FERNANDEZ**, were rear-compartment occupants of the aforementioned motor vehicle,    which was at rest on Metropolitan Avenue, approximately ten (10) feet west of Marcy Avenue, County of Kings, State of New York, whereupon the motor vehicle of the defendants was so negligently and recklessly operated, managed and controlled so as to come into contact with the plaintiffs' vehicle, and thereby caused plaintiffs to sustain serious and protracted personal injuries, as hereinafter alleged.

Case 1:21-cv-07142-WFK-RER   Document 1-1   Filed 12/28/21   Page 13 of 41 PageID #: 13

31.     That the aforesaid accident and resulting injuries were caused wholly and solely by reason(s) of the culpability and negligence of the defendants, **RANDY MARTINEZ-ANTIGUA** and **DDDE TRUCKING,** without any fault or negligence on the part of the plaintiffs contributing thereto.

32.     That the aforesaid accident and resulting injuries were caused wholly and solely by reason(s) of the culpability and negligence of the defendant, **DDDE TRUCKING,** pursuant to, *inter alia*, New York State Vehicle Traffic Section 388, and without any fault or negligence on the part of the plaintiff contributing thereto.

33.     That the negligence of the defendants', **RANDY MARTINEZ-ANTIGUA** and **DDDE TRUCKING,** consisted of the following: in operating the aforesaid motor vehicle in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout, in failing to observe what was available to be observed; in operating their motor vehicle while under the influence and/or effects of alcohol and/or drugs; in operating her/his vehicle while impaired and/or intoxicated; in causing, creating, allowing and permitting the existence of a condition which constituted a trap, hazard, nuisance, menace and danger to persons traveling at said location; in allowing the aforesaid motor vehicle to cause a hazard to the vehicle wherein plaintiff was the operator and others; in failing to observe the vehicle in its lane of travel; in failing to avoid contact with and yield the right of way; in striking the plaintiff's vehicle head-on, in improperly entering into and traveling through a lane of oncoming traffic in an unsafe and negligent fashion without regard for the traffic conditions there upon, including, but not limited to, vehicles lawfully in the said lane and having a right of way and traffic device signals in favor of the plaintiff's vehicle; in operating the aforesaid motor vehicle in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in

-EPSTEIN LAW PLLC-
ATTORNEYS AT LAW

operating the aforesaid motor vehicle in such a negligent, careless, reckless, wanton and grossly negligent manner as to precipitate the aforesaid accident; in failing to take defensive and/or evasive action; in failing to avoid striking plaintiff's vehicle; in failing to maintain safe distance between the vehicles involved; in reversing their vehicle without regard for traffic patterns; in improperly changing lanes; in operating the vehicle at an excessive rate of speed under the circumstances; in operating the vehicle at an excessive rate of speed as directed by posted speed limits; in operating the vehicle at an excessive rate of speed in a school zone; in failing to sound a horn; in failing to observe the lights of vehicles; in failing to ensure the flow of traffic was under control; in failing to properly train its employees; in failing to cordon off the roadway; in failing to ensure that there was no oncoming traffic; in failing to observe that plaintiff's vehicle was lawfully within its lane; in failing to maintain said vehicle; in failing to keep said motor vehicle in proper mechanical working order; in failing to refrain from distracting activities, including eating, drinking, talking on a cell phone; in failing to take necessary medication; in failing to wear prescription lenses, as needed; in failing to warn of the approach of the aforesaid motor vehicle and the defendants were otherwise careless, reckless and negligent in the ownership and operation of their motor vehicle.

34. The plaintiff, **JOSHUA LUIS RODRIGUEZ**, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

35. The plaintiff, **JOEL ASTACIO FERNANDEZ**, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

36. That by reason of the foregoing, the plaintiffs are entitled to recover for non-economic loss and for such economic losses as are not included within the definition of the basic loss as set forth in §5102 Subdivision (a) of the Insurance Law of the State of New York.

37. That by reason of the foregoing, the plaintiffs are entitled to recover punitive damages.

38. That the plaintiffs are a "covered persons" as defined by Section 5102 Subdivision (J) of the Insurance Law of the State of New York.

FILED: KINGS COUNTY CLERK 12/05/2021 10:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 531025/2021
RECEIVED NYSCEF: 12/05/2021

39.   That solely by reason of the foregoing, the plaintiffs suffered severe personal injuries; that they became sick, sore, lame and disabled and suffered and still suffer and will continue to suffer for some time to come great mental and physical pain, anguish and bodily injuries. The plaintiffs are informed and verily believe that all of the injuries are, except for those which are not, permanent in nature and that plaintiff(s) will suffer pain and inconvenience solely by reason of the aforesaid conduct of the defendants.

40.   That solely by reason of the foregoing, the plaintiffs have been obligated for medicines, medical aid, care and attention and believe that some of the injuries are of a permanent nature and plaintiff(s) will be caused to expend further sums of money therefore in the future.

41.   That this action falls within one or more of the exceptions set forth in CPLR §1602.

42.   That by reason of the foregoing, plaintiffs, **JOSHUA LUIS RODRIGUEZ** and **JOEL ASTACIO FERNANDEZ**, have been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**WHEREFORE**, plaintiffs demand judgment against the defendants in an amount of Ten Million ($10,000,000.00) Dollars, together with costs and disbursements of this action.

DATED:   December 5, 2021
Melville, New York

EPSTEIN LAW PLLC
*Attorneys for Plaintiff*

BY: *Deborah J. Epstein*

DEBORAH J. EPSTEIN, ESQ.
150 Broadhollow Rd., Ste. 218
Melville, New York 11747
T. (516) 447-6688
F. (516) 446-6689
E. esllp@icloud.com

TO:

**RANDY MARTINEZ-ANTIGUA**
291 Griffith Street
Jersey City, New Jersey 07307

**DDDE TRUCKING, LLC**
28 Graham Street
Jersey City, New Jersey 07307

Case 1:21-cv-07142-WFK-RER Document 1 Filed 12/05/21 Page 17 of 41 PageID #: 17

## ATTORNEY CERTIFICATION

I, DEBORAH J. EPSTEIN, ESQ., hereby certify under penalty of perjury and as an officer of the court that, to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the attached paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of 22 NYCRR.

Dated: December 5, 2021
    Melville, New York

_____
**DEBORAH J. EPSTEIN, ESQ.**

NYSCEF DOC. NO. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X

JOSHUA LUIS RODRIGUEZ and
JOEL ASTACIO FERNANDEZ,

                                    Plaintiffs,

            -against-

RANDY MARTINEZ-ANTIGUA,
and DDDE TRUCKING, LLC,

                                    Defendants,
-------------------------------------------------------------X

Index No.:

**ATTORNEY**
**VERIFICATION**

STATE OF NEW YORK)
                                    ss.:
COUNTY OF SUFFOLK)

     **DEBORAH J. EPSTEIN**, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms to the truth under the penalties of perjury:

     That I am a member of the law firm of **EPSTEIN LAW PLLC**, the attorneys of record for the plaintiff(s) in the within action; that affirmant has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged on information and belief and that those matters affirmant believes to be true. Affirmant further says that the reason this affirmation is made by affirmant not by plaintiff(s) is that plaintiff(s) do not reside within the County wherein affirmant maintains his office.

     The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: statements of the plaintiff(s), and affirmant's own general investigation into the facts and circumstances of this action.

Dated: Melville, New York
     December 5, 2021

                                    *Deborah J. Epstein*
                                  DEBORAH J. EPSTEIN

**Index No.:**

**Year: 2021**

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

JOSHUA LUIS RODRIGUEZ and
JOEL ASTACIO FERNANDEZ,

**Plaintiffs,**

-against-

RANDY MARTINEZ-ANTIGUA,
and DDDE TRUCKING, LLC,

**Defendants,**

---

### SUMMONS AND VERIFIED COMPLAINT

---

**EPSTEIN LAW PLLC**
*Attorneys for Plaintiffs*
**JOSHUA LUIS RODRIGUEZ and**
**JOEL ASTACIO FERNANDEZ**
150 Broadhollow Road, Suite 218
Melville, New York 11474-4901
Tel. (516) 447-6688
Fax. (516) 447-6689
Cell. (917) 705-0851
E. esllp@icloud.com

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies, that upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: December 5, 2021
        Melville, New York

By: **DEBORAH J. EPSTEIN, ESQ**

Service of a copy of the within          is hereby admitted.

Dated: December 5, 2021
        Melville, New York

................................................
Attorney(s) for Plaintiff/Defendant

To:

**RANDY MARTINEZ-ANTIGUA**
291 Griffith Street
Jersey City, New Jersey 07307

**DDDE TRUCKING, LLC**
28 Graham Street
Jersey City, New Jersey 07307

EPSTEIN LAW PLLC
ATTORNEYS AT LAW

# EXHIBIT 2

Case 1:21-cv-07142-WFK-RER  Document 1  Filed 12/28/21  Page 21 of 41 PageID #: 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — X

JOSHUA LUIS RODRIGUEZ and JOEL ASTACIO
FERNANDEZ,

                        Plaintiffs,

     -against-

RANDY MARTINEZ-ANTIGUA, and DDDE
TRUCKING, LLC,

                        Defendants.

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — X

Index No.: 531023/2021

**VERIFIED ANSWER**

Defendants, RANDY MARTINEZ-ANTIGUA and DDDE TRUCKING, LLC by and through their attorneys, DONOHUE LAW FIRM, P.C., answering the Plaintiffs' Verified Complaint, upon information and belief, state as follows:

1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the Verified Complaint as contained in the paragraphs thereof numbered "1", "2", "24", "25", "26", "28" and "29".

2.    Deny each and every allegation of the Verified Complaint as contained in the paragraphs thereof numbered "4", "5", "12", "15", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41" and "42".

3.    Deny each and every allegation of the Verified Complaint as contained in the paragraph thereof numbered "6", except admit that DDDE TRUCKING was a foreign corporation and leave all questions of law to this honorable court.

4.      Deny each and every allegation of the Verified Complaint as contained in the paragraph thereof numbered "7", except admit that DDDE Trucking was a foreign corporation and leave all questions of law to this honorable court.

5.      Deny each and every allegation of the Verified Complaint as contained in the paragraph thereof numbered "8", except admit that DDDE Trucking was a foreign corporation and leave all questions of law to this honorable court.

6.      Deny each and every allegation of the Verified Complaint as contained in the paragraph thereof numbered "9", except admit that DDDE Trucking was a foreign corporation and leave all questions of law to this honorable court.

7.      Deny each and every allegation of the Verified Complaint as contained in the paragraph thereof numbered "10", except admit that DDDE Trucking was a foreign corporation and leave all questions of law to this honorable court.

8.      Deny each and every allegation of the Verified Complaint as contained in the paragraph thereof numbered "11", except admit that DDDE Trucking was a foreign corporation and leave all questions of law to this honorable court.

9.      Deny each and every allegation of the Verified Complaint as contained in the paragraphs thereof numbered "17", "18", "19" and "23" and leave all questions of law to this honorable court.

10.      Deny each and every allegation of the Verified Complaint as contained in the paragraph thereof numbered "20", except admit that RANDY MARTINEZ-ANTIGUA operated the 2009 International Box Truck bearing New Jersey State registration/license number XDLP56 with the knowledge of the defendant DDDE TRUCKING and leave all questions of law to this honorable court.

Case 1:21-cv-07142-WFK-RER   Document 1   Filed 12/28/21   Page 23 of 41 PageID #: 23

11.     Deny each and every allegation of the Verified Complaint as contained in the paragraph thereof numbered "21", except admit that RANDY MARTINEZ-ANTIGUA operated the 2009 International Box Truck bearing New Jersey State registration/license number XDLP56 with the permission of the defendant DDDE TRUCKING and leave all questions of law to this honorable court.

12.     Deny each and every allegation of the Verified Complaint as contained in the paragraph thereof numbered "22", except admit that RANDY MARTINEZ-ANTIGUA operated the 2009 International Box Truck bearing New Jersey State registration/license number XDLP56 with the consent of the defendant DDDE TRUCKING and leave all questions of law to this honorable court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13.     That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from any collateral source, in accordance with the provisions and limitations of Section 4545(c) of the CPLR.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14.     The plaintiffs' sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15.     Plaintiffs did not sustain a serious injury as defined by Section 5102 of the Insurance law of the State of New York and their exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance law of the State of New York.

Case 1:21-cv-07142-WFK-RER Document 1 Filed 12/28/21 Page 24 of 41 PageID #: 24

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16.    Plaintiffs' cause of action is barred by Article 51, Section 5103 of the Insurance Law of the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17.    Any damages sustained by the plaintiffs were caused by the culpable conduct of the plaintiffs, including contributory negligence or assumption of risk, and not by the culpable conduct or negligence of the answering defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18.    The Complaint should be dismissed for failure to state a cause of action against the answering defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19.    Upon information and belief, plaintiffs failed to use or misused available seat belts, and thereby contributed to the alleged injuries.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20.    The Complaint should be dismissed on the ground that the Court lacks personal jurisdiction over the answering defendants.

**WHEREFORE**, the answering defendants demand judgment dismissing the Verified Complaint, together with the costs and disbursements of this action, including attorneys' fees.

Dated:   New York, New York
             December 22, 2022

                                        BY:  _____*Robert D. Donohue*_____
                                        ROBERT D. DONOHUE
                                        DONOHUE LAW FIRM, P.C.

Case 1:21-cv-07142-WFK-RER Document 1 Filed 12/28/21 Page 25 of 41 PageID #: 25

Attorneys for Defendants
RANDY MARTINEZ-ANTIGUA and DDDE
TRUCKING, LLC
745 5th Avenue, 5th Floor
New York, NY 10151
(212) 972-5252

To:     Deborah J. Epstein, Esq.
        EPSTEIN LAW PLLC
        Attorneys for Plaintiffs
        150 Broadhollow Rd., Ste. 218
        Melville, NY  11747
        516-447-6688
        esllp@icloud.com

5

Case 1:21-cv-07142-WFK-RER Document 1 Filed 12/28/21 Page 26 of 41 PageID #: 26

## **VERIFICATION**

ROBERT D. DONOHUE, an attorney admitted to practice in the Courts of the State of New York, affirm: that I am a member of the firm DONOHUE LAW FIRM, P.C., attorneys of record for the defendants, RANDY MARTINEZ-ANTIGUA and DDDE TRUCKING, LLC in the within action; that I have read the foregoing Verified Answer and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true. I further say that the reason this verification is made by me and not by the defendants is that the answering defendants do not reside or maintain a place of business within the County of New York where I maintain my office.

The grounds of my belief as to all matters not stated upon my knowledge are as follows: the records of the defendants made available to me.

I affirm that the foregoing statements are true, under penalties of perjury.

Dated:    New York, New York
          December 22, 2022

                                        *Robert D. Donohue*
                                    ROBERT D. DONOHUE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- X

JOSHUA LUIS RODRIGUEZ and JOEL ASTACIO
FERNANDEZ,

Plaintiffs,

-against-

RANDY MARTINEZ-ANTIGUA, and DDDE
TRUCKING, LLC,

Defendants.
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- X

Index No.: 531023/2021

**NOTICE TO TAKE
DEPOSITION UPON ORAL
EXAMINATION**

S I R S:

PLEASE TAKE NOTICE that, pursuant to Article 31 of the Civil Practice Law and

Rules, the testimony upon oral examination of the plaintiffs will be taken before a Notary Public

who is not an attorney, or employee of any attorney, for any party or prospective party herein,

and is not a person who would be disqualified to act as a juror because of interest or because of

consanguinity or affinity to any person herein at the offices of DONOHUE LAW FIRM, P.C.,

745 5TH AVENUE, 5TH FLOOR, New York, New York at 10:00 a.m. on January 21, 2022 at

10:00 a.m.

Dated:   New York, New York
          December 22, 2022

BY:   *Robert D. Donohue*
ROBERT D. DONOHUE
DONOHUE LAW FIRM, P.C.
Attorneys for Defendants
RANDY MARTINEZ-ANTIGUA and DDDE
TRUCKING, LLC
745 5TH AVENUE, 5TH FLOOR
NEW YORK, NY 10151
(212) 972-5252

Case 1:21-cv-07142-WFK-RER   Document 1   Filed 12/28/21   Page 28 of 41 PageID #: 28

To:     Deborah J. Epstein, Esq.
        EPSTEIN LAW PLLC
        Attorneys for Plaintiffs
        150 Broadhollow Rd., Ste. 218
        Melville, NY  11747
        516-447-6688
        esllp@icloud.com

2

Case 1:21-cv-07142-WFK-RER   Document 1   Filed 12/28/21   Page 29 of 41 PageID #: 29

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

JOSHUA LUIS RODRIGUEZ and JOEL ASTACIO
FERNANDEZ,

                              Plaintiffs,

          -against-

RANDY MARTINEZ-ANTIGUA, and DDDE
TRUCKING, LLC,

                             Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Index No.: 531023/2021

**DEMAND FOR A VERIFIED
BILL OF PARTICULARS**

S I R S:

       PLEASE TAKE NOTICE that pursuant to the provisions of the Civil Practice Law and

Rules, the undersigned hereby demands that you serve upon them, within twenty (20) days, a

Verified Bill of Particulars of the plaintiffs' claim as alleged in the Complaint, setting forth

specifically and in detail the answers to the following items.

1.     The approximate time of day that the alleged accident occurred, giving the day,
month, year and approximate hour thereof.

2.     The approximate place and location where the alleged accident occurred showing
on what street or road, with the name thereof, if it occurred at intersecting streets,
the names thereof and the particular part of the intersection; if it occurred between
intersecting streets, the names thereof and the distance from the intersection.

3.     The general direction and on what street or road, with the name thereof, that it is
claimed the plaintiffs' motor vehicle was proceeding at the time.

4.     The general direction and on what street or road, with the name thereof, that it is
claimed defendants' motor vehicles were proceeding at the time of the alleged
accident.

5.     A general statement of the acts of negligence on the part of the defendants, of
which plaintiffs complain.

Case 1:21-cv-07142-WFK-RER Document 1 Filed 12/28/21 Page 30 of 41 PageID #: 30

6. The nature, location, extent and duration of each and every injury claimed to have been sustained by plaintiffs as a result of the alleged accident.

7. A. Set forth which of the above injuries plaintiffs will claim are "serious injuries" within the scope, definition and meaning of Section 5102(d) of the Insurance Law, and

   B. Specify in what manner plaintiffs will claim the injuries are "serious injuries".

8. The age of plaintiffs at the time of the alleged accident, and the length of time, if any, plaintiffs were:

   a. confined to a hospital;
   b. confined to home;
   c. confined to bed;
   d. received medical care and attention, hospitalization, etc.

9. The amounts of money expended by plaintiffs for medical care and attention.

10. State in what respect plaintiffs have sustained serious injuries or suffered economic loss greater than the basic loss as defined under Section 5102(4) of the New York State Insurance Law.

11. The nature of the usual occupation or vocation of the plaintiffs at the time of the alleged accident, the amount of salary or income which he received therefrom, the length of time they were unable to pursue their usual occupation or vocation, and the amount of salary or income which they lost by reason thereof.

12. The name and address of the employer(s) of plaintiffs at the time of the alleged accident.

13. The particular provision of the rules, regulations, statutes and ordinances of the State of New York with the title, article and section number thereof which it is claimed the defendants violated.

14. If the Complaint alleges loss of or damage to an item of personal property, set forth separately as to each item:

   a) A full and complete description of such item, its date of manufacture or creation, the date of its acquisition by the plaintiffs, the cost of acquisition by the plaintiffs, and the name of the person, firm or corporation from whom it was acquired.

2

b)      A full and complete description of the physical damage claimed.

c)      The amount of damage claimed and the manner in which such amounts have been computed, including in such computation any tax benefits claimed or reported on any tax return.

d)      Whether any of the items set forth in subparagraph (a) above have been disposed of, repaired or replaced, and if so, set forth:

i)      For each item disposed of, the manner of disposition, the date of disposition, the name of the person, firm or corporation to whom the item was transferred and the consideration therefor.

ii)     For each item repaired, the date of the repair, the name of the party who made the repair, and the cost of repair.

iii)    For each item replaced, the date and cost of replacement, and the name or corporation from whom the replacement was obtained.

PLEASE TAKE FURTHER NOTICE, that in case of your failure to serve said Bill of Particulars as demanded, we will move for an Order precluding the plaintiffs from giving any evidence at the trial of this action concerning the matters contained in said demands.

Dated:  New York, New York
        December 22, 2022

BY:   *Robert D. Donohue*
ROBERT D. DONOHUE
DONOHUE LAW FIRM, P.C.
Attorneys for Defendants
RANDY MARTINEZ-ANTIGUA and DDDE TRUCKING, LLC
745 5TH AVENUE, 5TH FLOOR
NEW YORK, NY 10151
(212) 972-5252

To:     Deborah J. Epstein, Esq.
        EPSTEIN LAW PLLC
        Attorneys for Plaintiff
        150 Broadhollow Rd., Ste. 218
        Melville, NY  11747
        516-447-6688

3

Case 1:21-cv-07142-WFK-RER  Document 1  Filed 12/28/21  Page 32 of 41 PageID #: 32

esllp@icloud.com

Case 1:21-cv-07142-WFK-RER   Document 1   Filed 12/28/21   Page 33 of 41 PageID #: 33

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —X

JOSHUA LUIS RODRIGUEZ and JOEL ASTACIO
FERNANDEZ,                                                      Index No.: 531023/2021

                              Plaintiff,

              -against-                             **DMAND FOR COLLATERAL
                                                   SOURCE INFORMATION**

RANDY MARTINEZ-ANTIGUA, and DDDE
TRUCKING, LLC,

                              Defendants.
— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —X

S I R S:

       PLEASE TAKE NOTICE, that you are hereby required to furnish to the undersigned

within twenty (20) days hereof pursuant to 3101 of the CPLR, all documents, bills, invoices,

receipts or canceled checks concerning indemnification, payment and/or reimbursements, in

whole or in part, which plaintiffs have received from collateral sources, including but not limited

to insurance, for economic losses which the plaintiffs will claim as special damages in this

action.

       PLEASE TAKE FURTHER NOTICE, that this is a continuing demand and should any of

the information requested become available or known in the future, then you are required to

furnish same at such time.

Dated:  New York, New York
        December 22, 2022

                                        BY:   _Robert D. Donohue_____
                                        ROBERT D. DONOHUE
                                        DONOHUE LAW FIRM, P.C.
                                        Attorneys for Defendants
                                        RANDY MARTINEZ-ANTIGUA and DDDE
                                        TRUCKING, LLC

745 5TH AVENUE, 5TH FLOOR
NEW YORK, NY 10151
(212) 972-5252

To:     Deborah J. Epstein, Esq.
        EPSTEIN LAW PLLC
        Attorneys for Plaintiff
        150 Broadhollow Rd., Ste. 218
        Melville, NY  11747
        516-447-6688
        esllp@icloud.com

2

Case 1:21-cv-07142-WFK-RER Document 1 Filed 12/28/21 Page 35 of 41 PageID #: 35

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

JOSHUA LUIS RODRIGUEZ and JOEL ASTACIO
FERNANDEZ,                                                    Index No.: 531023/2021

                           Plaintiffs,

           -against-                              **DEMAND FOR INFORMATION**


RANDY MARTINEZ-ANTIGUA, and DDDE
TRUCKING, LLC,

                       Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

S I R S:

      PLEASE TAKE NOTICE, that you are hereby required to serve upon and deliver to the

undersigned, the following:


1.      Pursuant to Rule 2103(e) of the CPLR, a list of those attorneys
who have appeared in this action, together with their addresses and
the name of the party for whom such attorney has appeared.

2.      Pursuant to Section 3101(e) of the CPLR, a copy of any statement
given by or on behalf of any answering defendants serving this
notice.

3.      Copies of the medical reports of those physicians who have
previously treated or examined the party seeking recovery for the
conditions claimed in this lawsuit. These shall include a detailed
recital of the injuries and conditions as to which testimony will be
offered at the trial, referring to and identifying those X-ray and
technicians' reports which will be offered at the trial.

4.      Copies of the medical reports of those physicians who will testify
on behalf of the party seeking recovery. These shall include a
detailed recital of the injuries and conditions as to which testimony
will be offered at the trial, referring to and identifying those X-ray
and technicians' reports which will be offered at the trial.

Case 1:21-cv-07142-WFK-RER Document 1 Filed 12/28/21 Page 36 of 41 PageID #: 36

5.      A copy of the written report of the subject accident prepared by any adverse party for submission and filing with the State of New York Department of Motor Vehicles commonly known as MV104.

6.      All photographs under the control of adverse parties or the attorneys or representative of the adverse parties showing the conditions of the accident site to be alleged to represent said site as of the time of the occurrence and intended to be introduced at the trial for this purpose.

7.      Photographs taken of the vehicle of any adverse party showing the extent of the damage, if any, to the adverse party's vehicle following the accident herein.

8.      Plaintiffs' income tax returns for the calendar year of the occurrence and the two preceding calendar years.

9.      The name and address of plaintiffs' employers and authorizations to secure employment records from all of the plaintiffs' employers during the calendar year of the occurrence up to and including the present.

10.     Duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of all hospital records, and such other records including X-ray and technicians' reports as may be referred to and identified in the statement of the examined party's physicians.

11.     The name and address of any school attended by the plaintiff during the calendar years subsequent to the occurrence up to and including the present; and authorizations to secure the school records of any of the aforementioned schools attended by the plaintiff during the periods so specified.

12.     A duly executed and acknowledged written authorization permitting
all parties to obtain and make copies of the plaintiffs' no-fault file.

13.     Copy of the autopsy report.

PLEASE TAKE NOTICE, that said discovery is to take place on December 6, 2021 at

the offices of the undersigned, or a written communication enclosing the aforerequested

2

information may be sent prior to the above-mentioned time in lieu of a personal appearance on

that date.


Dated:    New York, New York
          December 22, 2022


                                        BY:    *Robert D. Donohue*
                                        ROBERT D. DONOHUE
                                        DONOHUE LAW FIRM, P.C.
                                        Attorneys for Defendants
                                        RANDY MARTINEZ-ANTIGUA and DDDE
                                        TRUCKING, LLC
                                        745 5TH AVENUE, 5TH FLOOR
                                        NEW YORK, NY 10151
                                        (212) 972-5252


To:      Deborah J. Epstein, Esq.
         EPSTEIN LAW PLLC
         Attorneys for Plaintiffs
         150 Broadhollow Rd., Ste. 218
         Melville, NY  11747
         516-447-6688
         esllp@icloud.com


3

Case 1:21-cv-07142-WFK-RER Document 1 Filed 12/28/21 Page 38 of 41 PageID #: 38

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------X

JOSHUA LUIS RODRIGUEZ and JOEL ASTACIO
FERNANDEZ,                                         Index No.: 531023/2021

                Plaintiffs,

      -against-                                  **DEMAND FOR WITNESSES**


RANDY MARTINEZ-ANTIGUA, and DDDE
TRUCKING, LLC,

                Defendants.
------------------------------------X

S I R S:

      PLEASE TAKE NOTICE, that pursuant to CPLR 310(a), and the cases of <u>Zellman v. Metropolitan Transportation Authority,</u> 40 A.D.2d 248, 339 N.Y.S.2d 255, and <u>Zayas v. Morales</u>, 45 A.D.2d 610, 360 N.Y.S.2d 279, and the defendants' demand, you are requested to produce and permit discovery by its attorneys or another acting on its behalf of the following:

      Names and addresses of all persons claimed by parties you represent herein to have either witnessed the occurrence or to have firsthand knowledge of same, or to have notice of the conditions proximately causing this occurrence, or having firsthand knowledge of facts and circumstances regarding this occurrence whether by the parties you represent at the scene of the occurrence or thereafter obtained by said attorneys or representatives. If no such persons are known to said parties or representatives, so state in reply to this demand. The defendants will object at time of trial of this action to the testimony of any person not so identified.

      PLEASE TAKE FURTHER NOTICE, that if the party you represent obtains names and addresses of persons who witnessed the occurrence or have firsthand knowledge of same, subsequent to the service of this notice, such information is to be furnished to the defendant whenever so obtained. The defendants will object at the time of trial of this action to the testimony of any person not so identified.

PLEASE TAKE NOTICE, that said discovery is to take place on December 6, 2021 at the offices of the undersigned, or a written communication enclosing the aforerequested information may be sent prior to the above-mentioned time in lieu of a personal appearance on that date.

Dated:    New York, New York
          December 22, 2022

                                   BY:   *Robert D. Donohue*
                                   ROBERT D. DONOHUE
                                   DONOHUE LAW FIRM, P.C.
                                   Attorneys for Defendants
                                   RANDY MARTINEZ-ANTIGUA and DDDE
                                   TRUCKING, LLC
                                   745 5TH AVENUE, 5TH FLOOR
                                   NEW YORK, NY 10151
                                   (212) 972-5252

To:    Deborah J. Epstein, Esq.
       EPSTEIN LAW PLLC
       Attorneys for Plaintiffs
       150 Broadhollow Rd., Ste. 218
       Melville, NY  11747
       516-447-6688
       esllp@icloud.com

2

Case 1:21-cv-07142-WFK-RER   Document 1   Filed 12/28/21   Page 40 of 41 PageID #: 40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

JOSHUA LUIS RODRIGUEZ and JOEL ASTACIO
FERNANDEZ,                                                    Index No.: 531023/2021

                           Plaintiffs,

          -against-                              **DEMAND FOR STATEMENT
OF DAMAGES**

RANDY MARTINEZ-ANTIGUA, and DDDE
TRUCKING, LLC,

                         Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

S I R S:

PLEASE TAKE NOTICE, that you are hereby required to serve upon and deliver to the undersigned, the following:

1.Set forth the total damages which plaintiffs allege to be entitled.

PLEASE TAKE FURTHER NOTICE, that failure to comply with the above-mentioned request will render the plaintiffs subject to available provisions provided under the CPLR.

PLEASE TAKE FURTHER NOTICE, that this is a continuing demand and should any of the information requested become available or known in the future, then you are required to furnish same at such time.

Dated:   New York, New York
          December 22, 2022

                                 BY:  *Robert D. Donohue*
                                 ROBERT D. DONOHUE
                                 DONOHUE LAW FIRM, P.C.
                                 Attorneys for Defendants
                                 RANDY MARTINEZ-ANTIGUA and DDDE
                                 TRUCKING, LLC
                                 745 5TH AVENUE, 5TH FLOOR
                                 NEW YORK, NY 10151

Case 1:21-cv-07142-WFK-RER   Document 1   Filed 12/28/21   Page 41 of 41 PageID #: 41

(212) 972-5252

To:    Deborah J. Epstein, Esq.
EPSTEIN LAW PLLC
Attorneys for Plaintiffs
150 Broadhollow Rd., Ste. 218
Melville, NY  11747
516-447-6688
esllp@icloud.com

2